LURA E. HARRIS, Appellant, v. WILLIAM D. SCHRIMPER et al., Appellees.

**APPEAL AND ERROR:** Colorable Plaintiff Failing to Raise Point.
1 A litigant will not be heard to assert on appeal, and for the first time, that a deed may not be reformed as against himself, because a third party was not a party to the suit, when his interest as a plaintiff is probably colorable only, and when he has

in no manner denied a fact allegation that he stands exactly in the shoes of such absent third party.

REFORMATION OF INSTRUMENTS: Estoppel to Assert. A grantor who is entitled, as against his grantee, to such reformation of his deed as will 'exclude from the warranty an existing easement in favor of a third party, does not lose such right by refusing to appear and prosecute, for the grantee, an action to wholly exclude such third party from all interest in said easement.

*Appeal from Linn District Court.*—MILO P. SMITH, Judge.

DECEMBER 14, 1918.

ACTION for damages for breach of covenants of warranty. The existence of a right of way easement over the granted premises constituted the alleged breach. The defense was a counterclaim, wherein the defendants alleged that, under their real agreement with the grantee, such easement was excepted from the warranty, and that, by mistake of the scrivener, such exception was not written into the deed. Reformation of the deed was prayed. On the equitable issue thus tendered, trial was had to the court, and a decree was entered reforming the deed as prayed. The plaintiff appeals.—*Affirmed.*

*J. C. Leonard* and *Voris & Haas,* for appellant.

*Crosby & Fordyce* and *Deacon, Good, Sargent & Spangler,* for appellees.

EVANS, J.—I. Only fact questions are involved. The evidence supports the decree so conclusively that we do not feel justified in discussing it in much detail. The land conveyed was a tract of $7\frac{1}{2}$ acres. The defendants had acquired the same by inheritance from their father, Frederick Schrimper. Their father had acquired the same, with other lands, by deed from Mary Reed. The conveyance to the father was subject to an easement of a right of way over

the east 20 feet of the tract, in favor of the owner of land adjoining on the south, known as the Lydia Park tract. Such right of way furnished the only access to the highway for the Lydia Park tract. This right of way had been in ·use for many years, and was known to all the parties to the deed, and was recognized without dispute. The grantee had himself been an occupant of the Lydia Park tract, and had used the right of way as appurtenant thereto. The agreement of sale was that the grantee should take the title which the grantors had, and should waive abstract of title. The description was by metes and bounds, and was some-,what complicated. It was agreed that Banker Dinwiddie should prepare a deed. To enable him to do so, the grantors brought to him the Mary Reed deed to their father. This deed included the tract, with other lands. It contain-ed, also, two special stipulations as to easements. One of these stipulations reserved a right of way over this tract to Lydia Park. The other stipulation had no application what-ever to this tract. In preparing the deed of conveyance from the grantors, Dinwiddie included a correct descrip-tion of the tract, and included the special stipulation ap-pearing in the Mary Reed deed which had no application to this particular tract. This was admittedly a mistake. By the same mistake, he failed to include the proper stipula-tion which excepted the right of way. The evidence in sup-port of the mistake is cumulative and overwhelming. The grantee himself admits, as a witness, that he was to take the land subject to the right of way. He contends only now that the easement was to terminate with the life of Lydia Park. He concedes, in effect, that he took the land under the same reservation of easement as the grantors held it. The legal effect of the reservation, therefore, does not con-cern the grantor.

II. The grantee was Van Note. He conveyed to his daughter, who is plaintiff herein. It is now argued that

Van Note is not a party to this suit, and that, therefore, the defendants were not entitled to the relief prayed in their counterclaim. No such point was raised in the trial court. The only defense to the counterclaim interposed by the plaintiff was a plea in estoppel, which will be later noticed. The affirmative allegations of the counterclaim were not even denied. The plaintiff sued the defendants upon their covenants of warranty in the Van Note deed. Undoubtedly, either plaintiff or defendants could have brought in Van Note as a party. Their failure to do so did not prevent them from litigating their controversy, as between themselves. *Tod v. Crisman*, 123 Iowa 693, 700. Plaintiff did not claim that she was an innocent purchaser for value, without notice. On the other hand, the evidence shows that the conveyance to her by her father was colorable only. He appears to have conducted the negotiations preliminary to this suit; and he, and not she, was present at the trial. Moreover, the defendants alleged in their counterclaim that the plaintiff took the title from her father with notice and without consideration, and this allegation was not denied. We think, therefore, that it is not open to the plaintiff to raise the question of the defect of parties, in a mere argument on appeal.

III. Prior to the beginning of this suit, the plaintiff instituted her suit against George Stark, successor in title to Lydia Park, wherein she sought to quiet her title against the claim of alleged easement of right of way already referred to. Stark defended his right to the easement. The plaintiff served notice upon the defendants herein to appear in said quieting title suit, and to conduct the same in her behalf to a successful issue, on penalty of being subsequently held for damages and costs. The defendants ignored her demand. That suit necessarily went against the plaintiff.

1. APPEAL AND ERROR: colorable plaintiff failing to raise point.

2. REFORMATION OF INSTRUMENTS: estoppel to assert.

In the present suit, she claims, as a part of her recovery, her costs and expenses incurred in the former suit. In reply to the defendants' counterclaim, she pleaded such former suit, and the failure of the defendants to respond to her notice, as an estoppel against the equitable relief now prayed by the defendants. Indeed, this is the only defense pleaded by her to the counterclaim. She argues that the defendants should have interposed their defense, if any they had, in such former suit; and that, having failed to do so, they are estoppel from interposing it against her now. If the defendants had appeared in the former suit, and had interposed the defense which they here interpose, of what avail would it have been to the plaintiff? It would have involved a recognition of the right of way easement, and would have defeated the plaintiff. As it was, she was defeated without the intervention of these defendants. She seems to have conceived the idea that a defeat in that case would insure her success in this. There was not the slightest reason, in fact or in law, for the bringing of such former suit. The breach of the covenant of these defendants, as written in the deed, was just as complete before such former suit was brought as it was afterwards. The decisive question was, and is, whether there was a mistake in the deed, and whether the defendants were entitled to the reformation. The counterclaim, being undenied in its allegations, and affirmatively proved beyond all doubt, leaves the plaintiff without any standing, either on the equity or on the law side of the court. The decree entered in the district court is, therefore, —*Affirmed.*

PRESTON, C. J., LADD and SALINGER, JJ., concur.